# EXHIBIT A

ELECTRONICALLY FILED
12/16/2021 11:31 AM
38-CV-2021-900502.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

CHARLES DAVIS CRAIN and
CAROL CRAIN,

    Plaintiffs,

v.

TAYLOR FARMS COLORADO, INC.,
KEVIN ALLAN MILLENDER, and fictitious
defendants 1 through 10, whether singular or
plural, the person who, at the time and place of
the accident made the basis of this lawsuit, was
the operator of the motor vehicle which came
into contact with the motor vehicle being operated
by the Plaintiff, Charles Davis Crain; fictitious
defendants 11 through 20, whether singular or
plural, the persons, firms, corporations or other
entities who, at the time of the collision made the
basis of this lawsuit, was or were the principal, master,
or employer of Kevin Allan Millender; fictitious
defendants 21 through 30, whether singular or plural,
the persons, firms, corporations or other entities who,
at the time of the accident made the basis of this
lawsuit, was or were the owner of the motor vehicle
being operated by Kevin Allan Millender; fictitious
defendants 31 through 40, whether singular or
plural, the persons, firms, corporations or other
entities who was or were responsible for hiring,
retaining, monitoring and/or supervising Kevin
Allan Millender and/or fictitious defendants 1
through 10; fictitious defendants 41 through 50,
whether singular or plural, the persons, firms,
corporations or other entities who was or were
responsible for qualifying and/or training Kevin
Allan Millender and/or fictitious defendants 1
through 10, in Federal Motor Carrier Safety
Regulation compliance, operating a commercial
vehicle, truck maintenance and/or commercial motor
vehicle responsibilities; all of whose names are
otherwise unknown at this time, but who will be
substituted by amendment when ascertained,
individually and jointly,

    Defendants.

CIVIL ACTION NO.: CV-

JURY DEMAND REQUESTED

## PLAINTIFFS' COMPLAINT

Charles Davis Crain and Carol Crain file their claims against Defendants, Taylor Farms Colorado, Inc., Kevin Allan Millender, and defendants 1-50 as follows:

1. The Plaintiff, Charles Davis Crain, is over the age of 19 and is now and was as of June 6, 2020, a resident of Leesburg, Florida.

2. The Plaintiff, Carol Crain, is over the age of 19 and is now and was as of June 6, 2020, a resident of Leesburg, Florida.

3. The Defendant, Taylor Farms Colorado, Inc., is a Tennessee corporation with its principal place of business in Colorado Springs, Colorado.

4. Based upon information and belief, the Defendant driver, Kevin Allan Millender, is over the age of 19 and was at the times and places made the basis of this lawsuit, domiciled in El Paso County, Colorado.

5. Defendants 1 through 10, whether singular or plural, is the person who, at the time and place of the accident made the basis of this lawsuit, was the operator of the tractor trailer truck which crashed into Plaintiff's vehicle, in which the Plaintiff, Carol Crain was a passenger, whose true names and identities are unknown to the Plaintiffs but will be substituted by amendment when ascertained.

6. Defendants 11 through 20, whether singular or plural, are the person(s), firm(s) corporation(s) or other entity(ies) who, at the time of the accident made the basis of this lawsuit, was or were the principal, master or employer of Kevin Allan Millender, all of whose true names and legal identities are unknown to the Plaintiffs but will be substituted by amendment when ascertained.

7. Defendants 21 through 30, whether singular or plural, are the person(s), firm(s), corporation(s) or other entity(ies) who, at the time of the accident made the basis of this lawsuit, was or were the owners of the tractor trailer truck being operated by the defendant driver, Kevin Allan Millender, all of whose true names and legal identities are otherwise unknown to the Plaintiffs but will be substituted by amendment when ascertained.

8. Defendants 31 through 40, whether singular or plural, are the persons, firms, corporations or other entities who was or were responsible for hiring, retaining, monitoring and/or supervising Kevin Allan Millender and/or fictitious defendants 1 through 10.

9. Defendants 41 through 50, whether singular or plural, are the person(s), firm(s), corporation(s) or other entity(ies) who was or were responsible for qualifying and/or training the defendant driver, Kevin Allan Millender and/or defendants 1 through 10, in Federal Motor Carrier Safety Regulation compliance, operating a commercial vehicle, truck maintenance and/or commercial motor vehicle responsibilities, all of whose true names and legal identities are unknown to the Plaintiffs but will be substituted by amendment when ascertained.

## FIRST CAUSE OF ACTION

### (Negligence)

10. Paragraphs 1 through 9 above are incorporated herein.

11. On June 6, 2020, Plaintiff, Charles Davis Crain was driving a 2006 Toyota Tundra, in which the Plaintiff, Carol Crain was a passenger, which was traveling south on South Oates Street at the intersection of or between West Saunders Road and West Inez Road in Houston County, Alabama.

12. At the same time, Defendant, Millender was operating a 2019 Kenworth tractor-trailer, was attempting to slow down/stop, but was unsuccessful, and struck the rear of the trailer attached to Mr. Crain's vehicle in which the Plaintiff, Carol Crain, was a passenger.

13. Defendant, Millender was at the time of the above-described collision operating said vehicle within the line and scope of his employment as the agent and/or employee of Defendant, Taylor Farms Colorado, Inc. The tractor trailer being operated by Defendant, Millender at the time was owned by the Defendant, Taylor Farms Colorado, Inc.

14. As a proximate consequence of the above-described negligence of the Defendants, Plaintiff, Charles Davis Crain was caused to suffer the following injuries and damages: bodily injuries resulting in medical treatment, medical bills (past and future), loss of enjoyment of life (past and future), permanent injury, permanent physical impairment, disability, physical pain and suffering (past and future), lost wages (past and future), loss of earning capacity, and mental and emotional injury and anguish (past and future) and general damages.

15. As a proximate consequence of the above-described negligence of the Defendants, Plaintiff, Carol Crain was caused to suffer the following injuries and damages: bodily injuries resulting in medical treatment, medical bills (past and future), loss of enjoyment of life (past and future), permanent injury, permanent physical impairment, disability, physical pain and suffering (past and future), lost wages (past and future), loss of earning capacity, and mental and emotional injury and anguish (past and future) and general damages.

WHEREFORE, Plaintiffs, Charles Davis Crain and Carol Crain demand judgment for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury, against the Defendants, Taylor Farms Colorado, Inc., Kevin Allan Millender, and Defendants 1 through 50, individually and jointly.

## SECOND CAUSE OF ACTION
### (Wantonness)

16. Paragraphs 1 through 15 above are incorporated herein.

17. The aforesaid acts and/or omissions of the Defendants constitute wantonness.

18. As a proximate result of the above-described wantonness of the Defendants, Plaintiff, Charles Davis Crain, was caused to suffer injuries and damages set out in Paragraph 14, which is incorporated herein.

19. As a proximate result of the above-described wantonness of the Defendants, Plaintiff, Carol Crain, was caused to suffer injuries and damages set out in Paragraph 15, which is incorporated herein.

WHEREFORE, Plaintiffs, Charles Davis Crain and Carol Crain, demand judgment for compensatory and punitive damages, plus interest and costs, in amounts deemed appropriate by the jury, against Defendants, Taylor Farms Colorado, Inc., Kevin Allan Millender, and defendants 1 through 50, individually and jointly.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Retention, Monitoring, Supervision and/or Training)

20. Paragraphs 1 through 19 above are incorporated herein.

21. Defendant, Defendants, Taylor Farms Colorado, Inc., and/or defendants 11-50, negligently hired, trained (or failed to adequately train), monitored (or failed to adequately monitor), supervised (or failed to adequately supervise), instructed (or failed to adequately instruct) Kevin Allan Millender and/or Defendants 1-10, and as a proximate result, Plaintiffs suffered injuries and damages.

22. The injuries and damages suffered by the Plaintiffs as set out hereinabove were the

proximate result of the negligence Defendant, Taylor Farms Colorado, Inc., and/or Defendants 11-50, in one or more of the following aspects:

    a. Negligently failing to properly and/or adequately educate, train and/or supervise Defendant, Kevin Allan Millender and/or defendants 1 through 10;

    b. Negligently failing to adequately instruct, monitor and/or direct the driver of the aforesaid tractor trailer involved in the incident made the basis of this lawsuit;

    c. Negligently failing to determine whether the driver of the aforesaid tractor trailer was properly qualified;

    d. Negligently hiring and/or retaining Defendant, Kevin Allan Millender and/or defendants 1 through 10;

    e. Negligently operating a commercial vehicle by an unqualified and/or incompetent driver;

    f. Negligently failing to institute an adequate safety program for all drivers of commercial motor vehicles utilized by these Defendants.

    g. Negligently failing to put in place an adequate preventative accident program for all drivers of commercial motor vehicles utilized by these Defendants; and,

    h. Negligently failing to require the drivers to utilize defensive driving techniques.

WHEREFORE, Plaintiffs, Charles Davis Crain and Carol Crain demand judgment for compensatory damages, plus interest and costs, in amounts deemed appropriate by the jury, against Defendants, Taylor Farms Colorado, Inc., and defendants 11 through 50, individually and jointly.

## FOURTH CAUSE OF ACTION

**(Wanton Hiring, Retention, Monitoring, Supervision, and/or Training)**

23. Paragraphs 1 through 22 above are incorporated here.

24. Defendant, Taylor Farms Colorado, Inc., and/or Defendants 11-50 wantonly hired, trained (or failed to adequately train), monitored (or failed to adequately monitor), supervised (or failed to adequately supervise), instructed (or failed to adequately instruct) Defendant, Kevin Allan Millender and/or Defendants 1-10, and as a proximate result, Plaintiffs suffered injuries and damages.

25. The injuries and damages suffered by the Plaintiffs as set out hereinabove, were the proximate result of the wantonness of Defendant, Taylor Farms Colorado, Inc., and/or Defendants 11-50, in one or more of the following respects:

    a. Wantonly failing to properly and/or adequately educate, train and/or supervise Defendant, Kevin Allan Millender and/or defendants 1 through 10;

    b. Wantonly failing to adequately instruct, monitor and/or direct the driver of the aforesaid tractor trailer involved in the incident made the basis of this lawsuit;

    c. Wantonly failing to determine the driver of aforesaid tractor trailer was properly qualified;

    d. Wantonly hiring and/or retaining Defendant, Kevin Allan Millender and/or defendants 1 through 10;

    e. Wantonly operating a commercial vehicle by an unqualified and/or incompetent driver;

    f. Wantonly failing to institute an adequate safety program for all drivers of commercial motor vehicles utilized by these Defendants;

    g. Wantonly failing to put in a place an adequate preventative accident program for all drivers of commercial motor vehicles utilized by these Defendants; and,

    h.    Wantonly failing to educate drivers in defensive driving techniques, and wantonly failing to require the drivers to utilize defensive driving techniques.

WHEREFORE, Plaintiffs, Charles Davis Crain and Carol Crain demand judgment for compensatory and punitive damages, plus interest and costs, in amounts deemed appropriate by the jury, against Defendants, Taylor Farms Colorado, Inc., and defendants 11 through 50, individually and jointly.

***PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY***

Respectfully submitted,

/s/ Patrick G. Montgomery
Patrick G. Montgomery (MON062)
Attorney for Plaintiffs

**OF COUNSEL:**
Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone: (251) 800-6030
Facsimile: (251) 800-6050
Email: pmontgomery@forthepeople.com

**PLEASE SERVE BY CERTIFIED MAIL:**

Taylor Farms Colorado, Inc.
c/o William T. Stevenson, Registered Agent
890 Newport Road
Colorado Springs, CO 80916

Kevin Allan Millender
3640 N. Academy Blvd., Apt. 16
Colorado Springs, CO 80917