IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES DAVIS CRAIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:22-cv-33-ECM |
| | ) | [WO] |
| TAYLOR FARMS COLORADO, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

## I. INTRODUCTION

After a car accident in Dothan, Alabama, Plaintiffs Charles and Carol Crain filed a complaint in Alabama state court against Defendants Kevin Millender and Taylor Farms Colorado, Inc. ("Taylor Farms"), alleging four causes of action: (1) negligence; (2) wantonness; (3) negligent hiring, retention, monitoring, supervision, and/or training; and (4) wanton hiring, retention, monitoring, supervision, and/or training. (Doc. 1). The Defendants subsequently removed the matter to this Court. *Id.* Following discovery, the defendants moved for summary judgment. (Doc. 53). That motion is now before the Court. Upon consideration of the briefs, evidence, and applicable law, and for the reasons that follow, the motion for summary judgment (doc. 53) is due to be GRANTED in part and DENIED in part.

## II.  JURISDICTION

The citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1).  Therefore, the Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).  "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (citation omitted).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018) (citation omitted).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986));

Fed. R. Civ. P. 56(c).  The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Hornsby-Culpepper*, 906 F.3d at 1311.  The burden then shifts to the non-moving party "to establish, by going beyond the pleadings, that a genuine issue of material fact exists." *Id.* at 1311–12.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1252.  Likewise, the reviewing court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Id.*  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

## IV.  FACTS

On June 6, 2020, Charles and Carol Crain drove a Toyota pickup truck with an attached moving trailer through Dothan, Alabama as they helped their daughter and

grandson, who were in a separate vehicle, move across the country.  The family decided to stop for gasoline, but a traffic jam at the gas station forced Charles and Carol to continue driving and look for a nearby lot in which they could wait for their daughter and grandson to fill up their car.

The Crains drove southbound on a four-lane divided highway, riding in the right-most lane as they searched for nearby empty parking lots.  Behind them, Kevin Millender, a commercial driver for Taylor Farms, drove a 2018 Kenworth T680 (a large tractor truck) with an attached trailer.  The Crains spotted what appeared to be an empty store lot on the right-hand side and proceeded towards it.  A right turn lane formed and the Crains merged both their Toyota and trailer into it.  As the Crains slowed and began completing the right turn into the parking lot, their trailer was struck from behind by Millender.  According to the Crains, they were hit in the turn lane.  The Defendants assert that the attached trailer veered into the right travel lane during the course of the turn.

As a result of the accident, the Crains filed suit in Alabama state court.  They alleged that Millender negligently and wantonly caused the collision, and that Taylor Farms negligently and wantonly hired, supervised, and trained Millender, seeking compensatory and punitive damages for their injuries.  Subsequently, the Defendants removed the action to this Court.

## V.  DISCUSSION

### A.  Evidentiary Objections at Summary Judgment

The parties attached a variety of exhibits to their summary judgment briefing.  Of these, two exhibits were the subject of objections by the non-moving party: (1) The Crains' Exhibit 3, the Alabama Uniform Traffic Crash Report ("accident report"), and (2) the Defendants' Exhibit H, the declaration of Marc Paradiso.[1]

#### 1.  *The Crains' Exhibit 3*

The Crains submitted a copy of the accident report prepared by the responding police officers as Exhibit 3 to their response brief. (Doc. 58-3).  On reply, the Defendants objected to the use of this evidence. (Doc. 59 at 1–2).  Alabama law prohibits "accident reports made by persons involved in accidents" being "used as evidence in any trial, civil or criminal, arising out of an accident." Ala. Code § 32-10-11; *see Mainor v. Hayneville Tel. Co.*, 715 So. 2d 800, 802 (Ala. Civ. App. 1997) ("Section 32-10-11 provides that no Alabama Uniform Accident Report shall be used as evidence in any civil or criminal trial arising out of an accident.").  This rule applies here. Fed. R. Evid. 501; *see Cardona v. Mason & Dixon Lines, Inc.*, 737 F. App'x 978, 981–82 (11th Cir. 2018) (per curiam).  Therefore, the accident report is inadmissible, and the Court will not consider it. *See Quarles v. Tenn. Steel Haulers, Inc.*, 2019 WL 758616, at *7 (M.D. Ala. Feb. 20, 2019) (finding accident report inadmissible at summary judgment); *see also Nooney v. Taylor*

---

[1] The Defendants also filed two motions to preclude the Crains from offering certain testimony or evidence at trial. (Docs. 63 and 64).  The Court is aware of these motions but does not address them at this juncture.

*Pallets & Recycling*, 2020 WL 1083147, at *2 (N.D. Ala. Mar. 4, 2020) (finding the same).[2]

### 2. The Defendants' Exhibit H

The Defendants attached a new exhibit, Exhibit H, to their reply brief.  Exhibit H is the declaration of Marc Paradiso, an engineer hired by the Defendants to investigate and reconstruct the accident. (Doc. 59 at 27–30).  The Crains objected to this exhibit in a post-briefing filing. (Doc. 60).  The Court declines to consider the Paradiso declaration because it was introduced by the Defendants in their reply brief.  The Eleventh Circuit gives district courts two options when faced with new evidence submitted in a reply brief: "(1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 902 (11th Cir. 2019).  Here, the Court opts to refrain from relying on Exhibit H in reaching its conclusion.[3]

### B. Summary Judgment

The Crains have conceded their wantonness claims. (Doc. 54-7).  Therefore, all that remain are their negligence claims.  They bring a negligence claim against Millender, and a negligence claim against Taylor Farms under a *respondeat superior* theory of liability.[4]

---

[2] The Court recognizes that *Mainor*, *Cardona*, *Quarles*, and *Nooney* are not binding authority but nonetheless finds their analysis persuasive.

[3] Even if the Court had considered the accident report or the Paradiso declaration, neither would have altered its opinion as to summary judgment in this case.

[4] The Defendants argue that the Crains abandoned their theories of negligence and *respondeat superior* by failing to respond to the Defendants' summary judgment arguments.  The Court disagrees.  First, the Crains responded to the various theories put forth by the Defendants (contributory negligence, the sudden

They also assert a claim against Taylor Farms for negligent hiring, retention, monitoring, supervision, and/or training. The Court first turns to the negligence claim against Millender.

### 1. *Negligence*

Under Alabama law,[5] Millender may be held liable for negligence if he did not do "what a reasonably prudent person would have done under the same or similar circumstances," or if he did "something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995). To establish negligence, the Crains must prove "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994).

The Defendants support their motion for summary judgment with three arguments. First, the Defendants contend that the Crains created a sudden emergency "when the Plaintiffs' vehicle and trailer suddenly and without warning merged back into Millender's lane to make a wide right turn." (Doc. 54 at 14). Thus, Millender argues, he "had no warning [that] that Plaintiffs' vehicle and trailer would re-enter his lane until they did," and he acted reasonably under the circumstances of the sudden emergency. *Id.* The second

---

emergency doctrine, and negligence per se) and attacked each theory's viability. Second, despite the choice to forgo using the terms "breach" or "duty," the Crains properly responded to the Defendants' arguments without abandoning their claim of negligence. While the Defendants frame their argument as an issue of the breach element, the Crains reframe the same as an issue of causation. Such refocusing is not an abandonment of any claims.

[5] Because this matter is before the Court on diversity jurisdiction, the state law causes of action are examined under Alabama law. *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1318 (M.D. Ala. 2003) (applying Alabama law to state law claims on diversity jurisdiction).

argument put forth by the Defendants is similar.  There, the Defendants argue that, even absent a sudden emergency, Millender did not breach his duty to operate his vehicle in a safe manner because "[a]s he was proceeding forward, the Plaintiffs' vehicle and trailer suddenly merged back in front of his vehicle," leaving him no choice but to brake as quickly as possible before colliding with the trailer. *Id.* at 15.

Finally, the Defendants advance two different theories of contributory negligence, which would serve as a total bar to recovery under Alabama law. *See Creel v. Brown*, 508 So. 2d 684, 687 (Ala. 1987).  The Defendants first contend that the Crains were contributorily negligent by failing to appreciate the danger of the situation – i.e., that the Crains "could have avoided making a wide right turn and maintained [their] position in the right turn lane" had they been aware of Millender's truck behind them. (Doc. 54 at 19). Second, the Defendants argue that the Crains were negligent per se by "failing to signal and [their] failure to ascertain whether it was safe to merge in front of Millender's tractor-trailer" as they completed a wide right turn. *Id.*

Each of these reasons fail to persuade the Court because all three ask the Court to disregard a genuine dispute of a material fact.  Whether the trailer pulled by the Crains swerved into the right travel lane as the turn occurred is a fact question that cannot be answered as a matter of law from the record.  Any questions of contributory negligence or sudden emergencies are inherently tied to the resolution of this factual matter and are best left to the jury.  *See Creel*, 508 So. 2d at 687 ("the question of contributory negligence is normally one for the jury"); *see also Friedlander v. Hall*, 514 So. 2d 914, 915 (Ala. 1987) ("as a general rule, it is a question for the jury whether an emergency exists").

The Defendants' arguments are replete with the presupposition that the trailer *must* have swerved despite evidence provided by the Crains pointing to the opposite conclusion. Charles Crain testified that he was "completely in the right turn lane when [he] was struck." (Doc. 58-1 at 7).  Carol Crain testified the same. (Doc. 54-4 at 4).  The Defendants attempt to point to the Crains' responses indicating a lack of knowledge as to whether the trailer ever crossed back over into the right travel lane as evidence that it must have swerved. (*See* Docs. 54-1 at 6 and 54-4 at 4).[6]  This neither proves that the trailer swerved nor eradicates the existence of a genuine dispute over whether it did.  Drawing all inferences in favor of the Crains at this stage, the Court finds that there is a genuine dispute of a material fact. Thus, summary judgment as to the negligence claim against Millender must be denied.

### 2. *Respondeat Superior*

To recover against Taylor Farms for negligence under the theory of *respondeat superior*, the Crains must prove that Millender was negligent and "that the collision occurred while [Millender] was within the scope of his employment, and happened while he was in the accomplishment of objectives within the lines of his duties." *See Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 48 (Ala. 1995) (quoting *Perdue v. Mitchell*, 373 So. 2d 650, 653 (Ala.1979)).  The Defendants do not dispute that Millender was acting within the scope of his employment.  Rather, the Defendants contend that Taylor Farms cannot be held liable because Millender did not act negligently.  As stated above, a genuine

---

[6] When asked if any part of the vehicle ever moved back to the left, Charles Crain responded that he was "not sure of that."  Posed with the same question, Carol Crain "[had] no idea, sir, no."

question of material fact exists as to whether Millender acted negligently. Therefore, summary judgment as to the *respondeat superior* theory of negligence against Taylor Farms is due to be denied.

### 3. *Negligent Hiring, Retention, Monitoring, Supervision, and/or Training*

The Crains' claim against Taylor Farms for negligent hiring, retention, monitoring, supervision, and training[7] rests on whether Millender was incompetent and if so, "as a consequence of [Millender's] incompetence, [Millender] committed some sort of act, wrongdoing, or tort that caused the [Crains'] injury." *See Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 305 (Ala. 2010) (emphasis omitted). Alabama law measures incompetence "by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413–14 (Ala. 2005). Importantly, a finding of competency "does not require that [Millender] have a record completely free of mistake." *See Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009).[8]

To proceed to trial on this claim, the Crains must produce evidence that (1) Millender was negligent; (2) the negligence occurred because Millender was incompetent; (3) Taylor Farms had actual or constructive notice of Millender's incompetence; (4) Taylor Farms failed to exercise reasonable care in hiring, retaining, or supervising Millender after the point at which it knew or should have known about his

---

[7] Both the Crains and the Defendants include the term "entrustment" when referring to this cause of action in their briefs. However, the Crains failed to bring a claim for negligent entrustment or even to use the term "entrustment," or any variant of it, in their complaint. Therefore, the Court analyzes this claim as pled by the Plaintiffs in the complaint.

[8] Although the Court recognizes that *Askew* is nonbinding, it finds its analysis persuasive.

incompetence; and (5) the negligence of Taylor Farms was the proximate cause of the injury suffered by the Crains. *See Jones*, 86 So. 3d at 305.  On this record, the evidence does not support a finding of incompetence.

The Defendants put forth three arguments in favor of summary judgment.  First, they argue that because the Crains cannot establish Millender's negligence, this claim must fail.  Second, the Defendants contend that Millender's moving violations are insufficient to suggest that he was incompetent or that Taylor Farms knew or should have known he was incompetent.  Finally, the Defendants attack causation.  Specifically, the Defendants argue that Millender's merely acting within the scope of employment is not enough.  Instead, the Crains must prove that the alleged incompetence was the actual and proximate cause of the accident.

The Crains, in their response brief, point to "[t]he fact that Millender [was] convicted of speeding twice during and in the line and scope of his employment" as evidence that Taylor Farms had "actual or constructive notice of his incompetence to operate a commercial vehicle." (Doc. 58 at 5).  They continue by asserting that Taylor Farms has not produced any evidence that it "exercised reasonable care" towards Millender's training, supervision, or retention after his speeding violations occurred. *Id.*

Here, summary judgment is appropriate because the evidence of record does not show that Millender was incompetent such that Taylor Farms was negligent in his hiring, retention, monitoring, supervision, or training.  Millender's driving record (doc. 54-5) contains five moving vehicle convictions; three for speeding, one for failure to signal, and one for driving a defective vehicle. *Id.*  He has also had his license suspended and revoked.

*Id.* However, these violations and withdrawals stretch over a fifteen-year period (from 1992 to 2017), only two of which, both for speeding, occurred during the five years Millender had been employed by Taylor Farms at the time of the accident.[9]   Moreover, Millender's last violation (speeding) occurred almost three years prior to the collision at issue in this case.

As this Court has previously recognized, such a limited number of "blemishes on an otherwise clean professional driving record do not amount, under the law, to incompetence." *Askew*, 676 F. Supp. 2d at 1303 (finding that two moving violations and four minor accidents in a nine-plus year period was insufficient to find a driver incompetent); *see Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45 (Ala. 1995) (holding that two speeding tickets within three years of the accident at issue, plus a 10-year-old conviction for DUI, as insufficient evidence of a driver's incompetence).   Because there is insufficient evidence to show that Millender was incompetent, and thus, that Taylor Farms' actions in hiring, retaining, monitoring, supervising, or training him were negligent, the Plaintiffs' claim fails.   Accordingly, summary judgment as to the Crains' claim of negligent hiring, retention, monitoring, supervision, and/or training is due to be granted.

## VI.   CONCLUSION

For the reasons stated, it is ORDERED that the Defendant's motion for summary judgment (doc. 53) is GRANTED as to the Crains' claim of negligent hiring, retention, monitoring, supervision, and/or training and DENIED in all other respects.

---

[9] Millender was hired by Taylor Farms in 2015. (Doc. 54 at 6).

12

Done this 20th day of November, 2023.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE